IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                CRIMINAL ACTION NO.   2:10-cr-00048-02
                                 (Criminal No. 2:04-cr-00003)
                                 (Civil No. 2:13-cv-07419)

MICHAEL HARDY,

        Defendant.

**MEMORANDUM OPINION AND ORDER**

Before the Court is Defendant's Motion to Assist/Clarify (the "Motion to Clarify"). (ECF No. 236.) For the following reasons, the Court **GRANTS** this motion, (*id.*), to the extent that Defendant requests further clarification regarding the extent of Defendant's sentence modification provided in the Court's October 28, 2015 Memorandum Opinion and Judgment Order (the "Opinion").

On August 25, 2004, Defendant pled guilty to a charge of making a false statement on an ATF form in violation of 18 U.S.C. § 924(a)(1)(A). *United States v. Hardy*, 2:04-cr-3, ECF No. 29 (S.D. W. Va.) (plea agreement). On February 18, 2005, a court in this District sentenced Defendant to a term of imprisonment of 46 months followed by three years of supervised release for this offense (the "First Sentence"). *Id.*, ECF No. 53. Defendant was released on July 4, 2008 and his three-year term of supervised release began on that date. *See id.*, ECF No. 66.

1

On May 19, 2010, the Government filed a Superseding Indictment against Defendant in the instant case, which included two counts of aiding and abetting the distribution of 5 grams or more of cocaine base in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2. (ECF No. 2.) This case was assigned to this Court.

On July 6, 2010, a court in this District entered a petition for warrant or summons for offender under supervision, which alleged that Defendant violated certain conditions of his supervised release under the First Sentence. *Hardy*, 2:04-cr-3, ECF No. 66. On the same date, this older case was reassigned to this Court for all further proceedings. *Id.*, ECF No. 68.

Following a two-day trial, a jury found Defendant guilty on November 10, 2010 of both counts charged in the May 19, 2010 Superseding Indictment. (ECF No. 114 (verdict form); ECF No. 118 (constituting the Court's order adjudging Defendant guilty of these offenses pursuant to the jury verdict).) On October 20, 2011, the Court sentenced Defendant to a total term of imprisonment of 144 months for both counts (the "Second Sentence"). (ECF No. 156.)

On the same date, the Court held a hearing regarding the revocation of Defendant's supervised release under the First Sentence. *Hardy*, 2:04-cr-3, ECF No. 88. The Court found that Defendant violated certain conditions of his supervised release under the First Sentence, revoked Defendant's supervised release, and sentenced Defendant to a term of imprisonment of 24 months as part of this revocation. *Id.*, ECF No. 89 at 3. The Court also ordered that "[t]his sentence shall run consecutive to Defendant's sentence in" the instant matter. *Id.*

On November 1, 2014, the United States Sentencing Guidelines were amended resulting in reductions to the Guidelines pertaining to drug offenses provided in U.S.S.G. § 2D1.1 (the "2014 Guidelines Amendment"). This Guideline reduction was given retroactive effect.

By its order entered on June 4, 2015, the Court designated Defendant for expedited consideration of a sentence modification pursuant to the 2014 Guidelines Amendment. (ECF No. 227.) On October 28, 2015, the Court entered the Opinion, in which it ordered "that Defendant's previous sentence [is] reduced to a period of 100 months, with credit for time served to date." (ECF No. 233 at 2.)

Defendant then filed the Motion to Clarify on November 12, 2015. (ECF No. 236.) In this motion, Defendant requests that the Court clarify whether the sentence modification provided in the Opinion pertained solely to the Second Sentence, or cumulatively to both the Second Sentence and the revocation of Defendant's supervised release under the First Sentence.[1] (*See id.*)

"The [Sentencing] Commission possesses the authority to dictate the proper application of the Guidelines through the promulgation of Guidelines amendments." *United States v. Williams*, 808 F.3d 253, 258 (4th Cir. 2015). "Congress has authorized the federal courts to grant sentence reductions based on the [Sentencing] Commission's retroactive amendments through a narrow exception to the general rule that a court may not modify a defendant's sentence once it has been imposed." *Id.* at 257 (citation omitted). 18 U.S.C. § 3582 provides this exception and states the following, in pertinent part:

---

[1] In addition to the instant criminal matter, Defendant also has a pending civil case in which he filed a Motion to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody pursuant to 28 U.S.C. § 2255. *See Hardy v. United States*, 2:13-cv-7419 (S.D. W. Va.). On November 12, 2015, the Clerk filed the Motion to Clarify on the dockets for both the instant criminal case and Defendant's civil case. By its order entered on November 16, 2015, the Court directed "the Clerk to remove the Motion [to Clarify] from the docket for" Defendant's civil case because it "pertains to Petitioner's criminal case and not the . . . civil case." (ECF No. 238.)

On November 20, 2015, Defendant filed a Motion to Object, in which he objects to the Court's November 16, 2015 order on the grounds that the Motion to Clarify pertains to a "strickly [sic] criminal matter" and "nothing" in the Motion to Clarify "is civil." (ECF No. 239.) As noted by its November 16, 2015 order, the Court agrees with this position and, as such, directed the Clerk to remove the Motion to Clarify from the docket for Defendant's civil case. (*See* ECF No. 238.) The Court did *not*, however, direct the Clerk to remove the Motion to Clarify from the docket for the instant criminal case, (*see id.*), and this motion remains on the docket for this criminal case, (*see* ECF No. 236).

Defendant thus misinterpreted the Court's November 16, 2015 order and his Motion to Object is moot. Accordingly, the Court **DENIES AS MOOT** the Motion to Object. (ECF No. 239.)

3

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), . . . the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2). "[T]he 'policy statement governing § 3582(c)(2) proceedings' is set forth in Guidelines section 1B1.10." *Williams*, 808 F.3d at 257 (quoting *Dillon v. United States*, 560 U.S. 817, 819 (2010)).

"In *Dillon*, the Supreme Court . . . spelled out a two-step inquiry for the review of sentence-reduction motions." *Id.* (citing *Dillon*, 560 U.S. at 827). "At the first step, the sentencing court must review 'the Commission's instructions in § 1B1.10 to determine the prisoner's eligibility for a sentence modification and the extent of the reduction authorized.'" *Id.* at 257–58 (emphasis omitted) (quoting *Dillon*, 560 U.S. at 827). "If the court determines that the prisoner is eligible for a sentence reduction, the court moves to the second step and determines the extent of the reduction." *Id.* at 258 (citing *Dillon*, 560 U.S. at 827).

Under the first step of this analysis, "a sentence reduction is not authorized unless one of [the Sentencing Commission's] amendments has 'the effect of lowering the defendant's applicable guideline range.'" *Id.* at 257 (quoting U.S. Sentencing Guidelines Manual § 1B1.10(a)(2)(B) (U.S. Sentencing Comm'n)); *see also United States v. Cabiness*, Criminal Action No. 4:02cr70031-1, 2008 WL 2906942, at *1 (W.D. Va. July 28, 2008) ("[A] [defendant's] term of imprisonment is eligible for a reduction only if the amendment to the Guidelines Manual has been made retroactive and if the retroactive amendment lowers the defendant's applicable guideline range." (citation omitted)). "To determine whether a particular amendment has that effect, the sentencing court must 'substitute only the amendments' rendered retroactive by the Commission and 'leave all other

4

guideline application decisions unaffected.'" *Williams*, 808 F.3d at 257 (quoting U.S. Sentencing Guidelines Manual § 1B1.10(b)(1) (U.S. Sentencing Comm'n)). *See generally* U.S. Sentencing Guidelines Manual § 1B1.10(d) (U.S. Sentencing Comm'n 2014) (providing the list of retroactive amendments to the Guidelines). Additionally, Application Note 7 to Section 1B1.10 of the Guidelines provides the following exclusion regarding sentences imposed as part of a revocation of supervised release:

> Only a term of imprisonment imposed as part of the original sentence is authorized to be reduced under [Section 1B1.10]. This section does not authorize a reduction in the term of imprisonment imposed upon revocation of supervised release.

U.S. Sentencing Guidelines Manual § 1B1.10 cmt. n.7(A) (U.S. Sentencing Comm'n 2014).

In this instant case, the Court determined that Defendant was eligible for a sentence reduction pursuant to the 2014 Guidelines Amendment. (*See* ECF No. 233.) However, this sentence reduction had no effect on the Court's sentence resulting from the revocation of Defendant's supervised release—as initially imposed in the First Sentence—for two reasons. First, the Court only entered the Opinion on the docket for the instant matter, thereby indicating that it only applied to this case and the Second Sentence. (*See id.*) Conversely, the Court did *not* enter the Opinion on the docket for Defendant's older criminal case, which includes the revocation materials and sentence. *See Hardy*, 2:04-cr-3.

Second, Defendant is not eligible for a sentence reduction under 18 U.S.C. § 3582(c)(2) and U.S.S.G. § 1B1.10 for a sentence imposed pursuant to a revocation of supervised release. U.S. Sentencing Guidelines Manual § 1B1.10 cmt. n.7(A) (U.S. Sentencing Comm'n 2014); *see, e.g.*, *United States v. Crews*, No. 12–7992, 2013 WL 1245403, at *1 (4th Cir. Mar. 28, 2013) (stating that "because [the defendant] served his original sentence and is now confined on a sentence

imposed on revocation of supervised release, he is not eligible for § 3582(c)(2) relief"). As such, regardless of any potential question regarding the scope of the sentence reduction provided in the Opinion, this sentence reduction can and does only apply to the Second Sentence.

For the foregoing reasons, the Court **GRANTS** the Motion to Clarify, (ECF No. 236), insofar as Defendant requests further clarification regarding the extent of Defendant's sentence modification, as provided in the Opinion. Accordingly, the Court states that the Opinion, (ECF No. 233), only reduced Defendant's Second Sentence to a total term of 100 months imprisonment, but did not alter Defendant's term of imprisonment of 24 months under the revocation of his supervised release. As the Court ordered during the October 20, 2011 revocation hearing, this latter sentence "shall run consecutive to" the Second Sentence. *Hardy*, 2:04-cr-3, ECF No. 89 at 3.

**IT IS SO ORDERED.**

The Court **DIRECTS** the Clerk to send a copy of this Memorandum Opinion and Order to Defendant and counsel, the United States Attorney, the United States Probation Office, and the United States Marshals Service. The Court further **DIRECTS** the Clerk to file this Memorandum Opinion and Order on the docket for the instant case, the docket for *United States v. Hardy*, 2:04-cr-3 (S.D. W. Va.), and the docket for *Hardy v. United States*, 2:13-cv-7419 (S.D. W. Va.).

ENTER: January 13, 2016

_____
THOMAS E. JOHNSTON
UNITED STATES DISTRICT JUDGE